```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

LOWE OFFSHORE INTERNATIONAL,      §
LTD. and LOWE OFFSHORE            §
MANAGEMENT, LLC,                  §
                                  §
     Plaintiffs,                  §
                                  §     CIVIL ACTION No. H-07-0708
v.                                §
                                  §
QUALITY CONSTRUCTION &            §
PRODUCTION, LCC,                  §
                                  §
     Defendant.                   §

MEMORANDUM AND ORDER

Pending are Plaintiffs Lowe Offshore International, Ltd.'s and Lowe Offshore Management, LLC's Motion to Confirm Arbitration Award (Document No. 9), and Defendant Quality Construction & Production, LCC's Motion to Vacate Arbitration Award (Document No. 10).[1] After carefully considering the motions, responses, replies, additional submissions, and the applicable law, the Court concludes as follows.

I. Background

This dispute concerns an arbitral award in favor Plaintiffs Lowe Offshore International, Ltd. ("Lowe"), and Lowe Offshore

---

[1] Also pending is Plaintiffs' Motion to Dismiss Defendant's Counterclaim (Document No. 5). Because Defendant has withdrawn its counterclaim for declaratory relief, see Document No. 19 ¶ 10, the motion is DENIED as MOOT.

Management, LLC ("Lowe LLC")(collectively with Lowe, "Plaintiffs"), and against Defendant Quality Construction & Production, LLC ("Defendant"). At issue is the enforceability of the parties' three pages long Hold Harmless Agreement ("Agreement"), dated August 11, 2002, in which Lowe agreed to recommend the use of Defendant "for projects on which Lowe is undertaking project management services for its customers" and, in return, Defendant promised to indemnify Lowe and its affiliated and subsidiary companies, including Lowe LLC, "from and against any claim . . . or liability on account of . . . injury . . . to the employees, personnel or invitees of" Defendant. Document No. 9 ex. A at 1, and ¶ 1. The Agreement includes an arbitration clause encompassing "[a]ll claims, disputes or controversies arising out of, or in relation to the interpretation, application or enforcement of this Agreement . . . ." Id. ex. A ¶ 6. It also contains a choice of law provision prescribing that maritime law, or alternatively, Texas law, governs the validity, construction, and interpretation of the Agreement. Id. ex. A ¶ 4.

One of Defendant's employees subsequently sued Plaintiffs and others for injuries sustained when he slipped and fell while cleaning slag on the boat platform of an offshore oil rig. The rig was located on the Outer Continental Shelf off the coast of Louisiana. Id. ex. B. Plaintiffs sought indemnity and defense from Defendant pursuant to the Agreement, and Defendant refused.

Plaintiffs then filed a demand for arbitration, and the arbitration was subsequently conducted on written submissions.

The arbitrator issued an award in favor of Plaintiffs, requiring that Defendant: (1) defend Plaintiffs in the underlying suit; (2) indemnify Plaintiffs for claims in that suit; (3) provide insurance to cover its indemnity and defense obligations; (4) reimburse Plaintiffs for reasonable attorney's fees incurred in the underlying suit and in the arbitration proceeding; and (5) pay Plaintiffs' arbitration costs of $4,401.50.  Document No. 9 ex. E. Neither party had requested that the arbitrator provide reasons for his decision, and no reasons were provided.  Since then, the underlying personal injury suit has been settled.  Document No. 21. Plaintiffs' pro rata share of the settlement was $50,000.  Id.

Plaintiffs now move to confirm the arbitral award and enter judgment pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and the Texas Arbitration Act, TEX. CIV. PRAC. & REM. CODE § 171.087, invoking this Court's diversity jurisdiction.[2]  Defendant moves to

---

[2] For diversity purposes, the citizenship of a limited partnership or LLC is that of its constituent partners or members. *See* Carden v. Arkoma Assocs., 110 S. Ct. 1015, 1021 (1990) (addressing limited partnerships); Island Park Estates, LLC v. Brack, No. C-06-485, 2006 WL 3448624, at *2 & n.2 (S.D. Tex. Nov. 28, 2006)(Jack, J.)(collecting cases that extend this rule to LLC's).  Here, Lowe is comprised of two partners: (1) Lowe LLC; and (2) Lowe Management Holding Co., LLC.  Document No. 18 at 2.  Lowe Management Holding Co., LLC, in turn, has two members, both of whom are citizens of Texas.  Id.  Lowe Management Holding Co., LLC, is also the sole member of Lowe LLC, *see* Id. at 3, and hence, Lowe LLC is also a citizen of Texas.  By contrast, Defendant's two members are both citizens of Louisiana.  Id. at 3.  Because Plaintiffs'

3

vacate the arbitral award, contending that "[b]y finding that defense and indemnity is owed [to Plaintiffs under the Agreement], the arbitrator acted in manifest disregard to [the] OCSLA and LOIA and the award violates public policy." Document No. 10 ¶ 6.

## II. Discussion

### A. Defendant's Motion to Vacate Arbitration Award

Defendant contends that the arbitrator's award in favor of Plaintiffs was in manifest disregard of the law, because: (1) notwithstanding the Agreement's choice of law provision, the Outer Continental Shelf Lands Act ("OCSLA") prescribes that "Louisiana law applies as surrogate federal law to this dispute"; and, in turn, (2) "[t]he application of Louisiana law brings with it the mandate of the Louisiana Oilfield Indemnity Act" ("LOIA"), which "voids the very defense and indemnity and insurance obligations at the center of [Plaintiffs'] claim." Document No. 10 ¶ 2. The Fifth Circuit recognizes manifest disregard of the law as a non-statutory basis for reversing an arbitral award. *See* Apache Bohai Corp. LDC v. Texaco China BV, 480 F.3d 397, 401 (5th Cir. 2007). However, the scope of review is "extremely limited." Id. at 405. Courts may not reverse an award merely because an

---

partners and members are all citizens of Texas, Defendant's members are citizens of Louisiana, and the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court has diversity jurisdiction.

arbitrator misinterpreted or misapplied the law.  *See* Am. Laser Vision, P.A. v. Laser Vision Institute, L.L.C., 487 F.3d 255, 259 (5th Cir. 2007)(quoting Prestige Ford v. Ford Dealer Computer Servs., Inc., 324 F.3d 391, 395 (5th Cir. 2003)).  Instead, the arbitrator's "'error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator.'" Prestige Ford, 324 F.3d at 395 (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933-34 (2d Cir. 1986)).  The arbitrator must also have "appreciate[d] the existence of a clearly governing principle but decide[d] to ignore or pay no attention to it."  Id.; *see also* Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 355 (5th Cir. 2004).

Based on the portions of the arbitration record submitted by Plaintiffs, it is apparent that Defendant's arguments in support of vacatur are virtually identical to those made by Defendant to the arbitrator, which arguments the arbitrator impliedly rejected. This Court may not conduct a plenary review of the arbitrator's decision, and a mistake of law does not provide grounds for reversing an arbitral award.  *See* Apache Bohai Corp., 480 F.3d at 405.  Moreover, Defendant has not shown, as it must, that the arbitrator consciously disregarded clearly established legal principles in rendering his decision.  *See* Prestige Ford, 324 F.3d at 395.  Given the extraordinarily limited review permitted under

5

the manifest disregard standard, the absence of such proof requires denial of Defendant's motion.

Further, when, as here, the arbitrator provides no reasons for the award, reversal of the award is warranted only if Defendant "refute[s] every possible rational basis for the arbitrator's award."[3]  See Roberts v. A.G. Edwards & Sons, Inc., No. B-06-17, 2007 WL 597371, at *8 (S.D. Tex. Feb. 21, 2007)(Tagle, J.)(citing La. D. Brown 1992 Irrevocable Trust v. Peabody Coal Co., No. 99-3322, 2000 WL 178554, at *3 (6th Cir. Feb. 8, 2000)(unpublished opinion)).  In this case, even assuming that the OCSLA mandates that the Agreement be construed under Louisiana law, Defendant has not demonstrated that the arbitrator could not rationally have concluded that the LOIA does not void the Agreement.  The LOIA states, in pertinent part:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or

---

[3] Defendant's suggestion that the arbitrator manifestly disregarded the law by failing to provide reasons for the award is without merit.  "It has long been settled that arbitrators are not required to disclose or explain the reasons underlying an award." Antwine v. Prudential Bache Secs., Inc., 899 F.2d 410, 412 (5th Cir. 1990)(citing United Steel Workers of Am. v. Enter. Wheel & Car Corp., 80 S. Ct. 1358, 1361 (1960)); accord Valentine Sugars, Inc. v. Donau Corp., 981 F.2d 210 (5th Cir. 1993); Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co., 918 F.2d 1215, 1219 n.4 (5th Cir. 1990).  Indeed, Defendant had opportunity to and failed to request a reasoned award, and the absence thereof in no way supports its motion for vacatur.

>   indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.

Both federal and state courts have "limit[ed] the application of the LOIA to *service contracts* that *pertain to wells*." Verdine v. Ensco Offshore Co., 255 F.3d 246, 252 (5th Cir. 2001)(collecting cases)(emphasis added).[4]

Here, Lowe merely agreed "to recommend the use of" Defendant to Lowe's customers when Lowe was undertaking project management

---

[4] Whether a contract pertains to a well requires a fact-intensive analysis of several factors:

(1) whether the structures or facilities to which the contract applies are part of an in-field gas gathering system;

(2) the geographic location of the facility or system relative to the well or wells;

(3) the function of the facility or structure in question;

(4) who owns and operates the facility or structure in question and who owns and operates the well or wells; and

(5) any number of other details affecting the functional and geographic nexus between a well and the structure or facility that is the object of the agreement.

Verdine, 255 F.3d at 251, 253 (citing Broussard v. Conoco, Inc., 959 F.2d 42, 44-45 (5th Cir. 1992)(modifying the ten-factor test in Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co., 953 F.2d 985, 991 (5th Cir. 1992)).

services or, in other words, agreed to name Defendant as a preferred contractor. No. 9 ex. A at 1. The Agreement prescribes no services to be rendered by Defendant, nor does it reference any wells, facilities, or other facts that suggest a "functional nexus" to a well, as is necessary to trigger the LOIA. *See* Broussard, 959 F.2d at 45. Indeed, there is nothing in the Agreement to assure Defendant that it will receive a contract to do service work of any kind on any facility, structure, or well. The fact that Lowe is in the business of providing "complete project management services to the oil and gas industry" does not transform the limited scope of *this* "recommendation" Agreement into a service contract pertaining to a well when it has no language regarding services for any well, structure or facility.[5] Document No. 10 ¶ 25. Because the LOIA does not apply to the Agreement, the arbitral award declaring Plaintiffs to be entitled to defense and indemnity under the

---

[5] The fact that the accident in the underlying suit occurred while Defendant's employee was engaged in drilling-related activities on an offshore oil platform would be relevant if this Agreement were a master services contract under which the worker was performing at the time of injury. *See, e.g.*, Roberts, 104 F.3d at 783-84 (analyzing whether a work order authorizing the injured worker's activities aboard a production platform, and hence, the master service agreement under which it was issued, pertained to a well). However, this Agreement, as already observed, is not a contract for services, let alone a contract governing the particular services provided by the employee when he was injured. The location of the accident and nature of the employee's activities therefore have no bearing on whether this Agreement pertains to a well.

Agreement is not in manifest disregard of--and, indeed, comports with--governing law.

Finally, Defendant contends that enforcement of the arbitral award would violate public policy. Document No. 10 ¶¶ 32-34. Defendant's arguments merely reprise its contention that the LOIA, as applied through the OCSLA, voids the Agreement, and, hence, do not support vacatur. *See, e.g.*, OneBeacon Am. Ins. Co. v. Turner, 204 Fed. Appx. 383, 386 (5th Cir. 2006)(unpublished opinion)("Where a public policy argument amounts to 'no more than a complaint that the [arbitrator] failed to interpret the law correctly,' courts will not set aside the award.")(quoting Brown v. Rauscher Pierce Refsnes, Inc., 994 F.2d 775, 782 (11th Cir. 1993)). In sum, Defendant has not demonstrated that the arbitral award should be reversed, and its motion to vacate the award must be denied.

B.   Plaintiffs' Motion to Confirm Arbitration Award

Plaintiffs seek confirmation of the arbitral award in their favor. Document No. 9. The arbitration provision in the Agreement states that "[t]he decision of the arbitrator shall be final, binding and enforceable in any court of competent jurisdiction . . . ." Document No. 1 ex. A ¶ 6. This language is sufficient for judicial confirmation of the award. *See* Place St. Charles v. J.A. Jones Constr. Co., 823 F.2d 120, 124 (5th Cir. 1987). As Defendant has not shown grounds for vacating the award,

Plaintiffs are entitled to its enforcement, see 9 U.S.C. § 9; TEX. CIV. PRAC. & REM. CODE § 171.087, and the Court will confirm the arbitral award and enter judgment thereon in favor of Plaintiffs.

### III. Order

It is therefore ORDERED that Plaintiffs Lowe Offshore International, Ltd.'s and Lowe Offshore Management, LCC's Motion to Confirm Arbitration Award (Document No. 9) is GRANTED, and Defendant Quality Construction and Production, LCC's Motion to Vacate Arbitration Award (Document No. 10) is DENIED. Plaintiffs' Motion to Dismiss Defendant's Counterclaim (Document No. 5) is DENIED as MOOT.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 25th day of September, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE